THE STATE EX REL. STAFFORD, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Stafford v. Indus.
Comm.* (1998), 84 Ohio St.3d 225.]

(No. 96–1298—Submitted October 12, 1998—Decided December 30, 1998.)

*Hochman & Roach Co., L.P.A.,* and *Theresa M. Muhic,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellant Industrial Commission.

*Buckley, King & Bluso Co., L.P.A., Timothy D. Wood, Thomas C. Drabick, Jr.* and *Richard D. Brown,* for appellant Evenflo Juvenile Furniture Co.

---

**Per Curiam.** Claimant seeks wage-loss compensation for periods during which she was either unemployed or working but making less than she had at Evenflo.

No one disputes that claimant made less after she left Evenflo. No one disputes the validity of claimant's physical restrictions or their prohibitive effect on a return to the former position of employment. Appellants instead oppose payment on two grounds: voluntary abandonment and a lack of a good-faith job search.

Appellants initially assert that claimant abandoned her job at Evenflo for reasons unrelated to her injury, breaking the causal connection between injury and diminished wages. Wage-loss benefits, however, are not barred simply because a claimant is no longer employed at the company at which he/she was injured, regardless of whether that separation was employee-induced. "R.C. 4123.56(B) does *not* tie an injured worker's right to wage loss compensation to the continued possibility of future employment at the job where injury occurred." (Emphasis *sic.*) *State ex rel. McGonegle v. Indus. Comm.* (1996), 76 Ohio St.3d 272, 278, 667 N.E.2d 392, 396. Or, as we even more recently held in *State ex rel. Frederick v. Licking Cty. Dept. of Human Serv.* (1998), 82 Ohio St.3d 227, 230, 694 N.E.2d 1350, 1353, "[W]here a claimant is medically precluded due to industrial injury from executing any or all former job duties, the fact that the claimant's position is abolished is of no consequence to her wage loss eligibility. * * * As long as medical impediments to performance exist, the injury continues to generate the disability that may produce a wage loss." (Citation omitted.)

In this case, claimant is medically precluded from doing her former duties. She is not, therefore, foreclosed from attempting to establish her eligibility for these benefits.

Turning to appellants' second argument, we recognize the necessity of a good-faith job search in situations where a claimant is alleging an inability to secure

any alternate employment due to injury. *State ex rel. Consolidated Freightways v. Engerer* (1996), 74 Ohio St.3d 241, 658 N.E.2d 278; *State ex rel. Vanover v. Emery Worldwide* (1997), 80 Ohio St.3d 367, 686 N.E.2d 518. The present claimant made a job search over the periods in question, and her records purport contact with hundreds of employers. The commission, without explanation, however, found that this search was not in good faith. We find that this lack of explanation violates our recent decision in *State ex rel. Harsch v. Indus. Comm.* (1998), 83 Ohio St.3d 280, 699 N.E.2d 503, and merits a return for further consideration and amended order.

The judgment of the court of appeals is affirmed, and the commission is ordered to reconsider the issue of a good-faith job search, to vacate those portions of the wage-loss compensation denial predicated on employment abandonment, and to enter a new order granting or denying the benefits requested.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.